## STONE v. NIX.

1. Amendments to a petition which have been duly allowed become a part thereof, and must be so treated, even if on proper objection they should have been rejected.
2. It was error to dismiss, on motion, a petition to foreclose, as an equitable mortgage, an instrument which, though having the form of an absolute deed, had, in another case between the plaintiff and the defendant, been adjudicated to be such a mortgage only.

Argued April 20, — Decided May 21, 1897.

Equitable petition. Before Judge Butt. Muscogee superior court. May term, 1896.

A demurrer to the petition of Mrs. Sallie Stone against William A. Nix was sustained, and the plaintiff excepted. She alleged that in March, 1880, she purchased of him 172 acres of land described, for the agreed price of $500, which she paid to him, and he executed to her his deed conveying the land to her. She rented the land to him, and he has possession thereof as her tenant. He has not paid the rent, and now denies that he is her tenant, and claims that the money so paid him by her for the purchase of the land was loaned to him by her and his deed was made for the purpose of securing the loan, all of which she avers is untrue. She brought ejectment against him; but she prays, that should it be ascertained that his deed to her was not an absolute conveyance of the land and not so intended by him, but was an equitable mortgage and intended to secure money loaned him, the court decree that such mortgage be foreclosed and the property be sold and plaintiff be paid the amount due her by reason of the transaction. Since bringing the present petition the action of ejectment has been tried and determined against her, on the ground that the deed was not absolute but was a mortgage and not intended to pass title to the land. She renews her prayer that it be foreclosed as a mortgage, and that she recover of defendant the sum named in the petition, with lawful interest.

The ground of demurrer was, that the action of ejectment had been tried and the plaintiff therein failed to recover the land, leaving nothing in this suit to be tried.

*C. J. Thornton* and *J. H. Worrill*, for plaintiff.
*Miller & Miller*, for defendant.

LUMPKIN, P. J.    Amendments to petitions are very fre-
·quently offered which, upon objection, should not be allowed;
but when an amendment to a petition has, without objection,
been duly allowed by an order of the court, it must, of course,
be treated as a part of the petition.

The plaintiff in the present case filed a petition to foreclose,
as an equitable mortgage, an instrument in the form of an
absolute deed.    An amendment to the petition, which was
·duly allowed, alleged, in substance, that in another case be-
tween the same parties this identical instrument had been
finally adjudicated to be, not an absolute deed, but a mortgage.
The court, on demurrer, erroneously dismissed the plaintiff's
proceeding.    Taking as true the allegations of the petition as
amended, the paper sought to be foreclosed should have been
·dealt with as an equitable mortgage, because the adjudication
above mentioned, whether in the first instance rightly made or
not, was certainly binding and conclusive upon the defendant,
·and its effect, as between these parties, was to give the instru-
ment that character, force and effect.

*Judgment reversed.    All the Justices concurring.*